UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Maria Asuncion Tenezaca Huerta, | |
| *Plaintiffs*, | Case No. |
| v. | |
| CHAD WOLF, ACTING SECRETARY OF HOMELAND SECURITY; KENNETH CUCCINELLI, ACTING DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; TRACY RENAUD, ASSOCIATE DIRECTOR, SERVICE CENTER OPERATIONS DIRECTORATE, | **COMPLAINT IN THE NATURE OF MANDAMUS** |
| *Defendants*. | |

Plaintiff, by and through her attorneys, states as follows:

## NATURE OF ACTION

1.      Plaintiff, brings this action to enforce her rights as a petitioner for U nonimmigrant status (commonly known as the "U visa"), a status available to certain crime victims who assist law enforcement authorities. *See* 8 U.S.C. § 1101(a)(15)(U).[1]

2.      Defendants have systematically and arbitrarily declined to fulfill statutory and regulatory requirements governing the timely adjudication of petitions for U status and related applications for Employment Authorization Documents ("EADs").

3.      Congress created U status to protect nonimmigrant victims of serious crimes

---

[1] "U" status takes its name from this subsection.

and to increase public safety by encouraging those nonimmigrants to report, and assist in the investigation and prosecution of, those crimes.

4.      U status, once granted, comes with a work authorization (8 U.S.C. § 1184(p)(3)(B)) and generally extends for four years (*id.* § 1184(p)(6)). At the close of that period, many U-status holders are eligible to adjust their status to lawful permanent residence. *Id.*

§ 1255(m).

5.      Only 10,000 individuals may receive U status in any given fiscal year. 8 U.S.C. § 1184(p)(2)(A). There are currently well over 250,000 pending petitions for U status.

6.      Individuals who would receive U status but for the statutory cap "must be placed on a waiting list" pending a final grant or denial of their petition. 8 C.F.R. § 214.14(d)(2). Petitioners on the waiting list, and the family members of those petitioners, are eligible for an EAD and are not subject to removal from the United States. *Id.*

7.      Recognizing the importance of providing U-status petitioners with an opportunity to work even before their petitions are adjudicated, Congress authorized EADs based solely on a petitioner having submitted a bona fide U-status petition. 8 U.S.C. § 1184(p)(6).

8.      Further, with respect to EAD requests submitted by U-status petitioners before January 17, 2017, Defendants had a regulatory obligation to adjudicate those EAD applications within 90 days of submission. 8 C.F.R. § 274.13a(d) (2010). If Defendants failed to meet this deadline, then they were required to issue the applicant an interim EAD. *Id.*

9.      Plaintiff submitted a U-status petition to United States Citizenship on March 21, 2016, and Immigration Services ("USCIS"), which administers the U-status program.

Defendants have failed to adjudicate her petition for placement on the waiting list.

10.    Plaintiff applied for an EAD on March 21, 2016, well before January 17, 2017. Defendants have not issued the required interim EAD.

11.    Defendants' failure has deprived Plaintiff of her ability to lawfully support herself and her family. Defendants' failure also leaves Plaintiff vulnerable to the threat of deportation and separation from her two (2) U.S. citizen children. Deprivation of these rights has caused severe and irreparable harm to Plaintiff and undermines the law enforcement objectives that Congress intended the U- status program to promote.

12.    Defendants' failure to place Plaintiff on the waiting list, to do so timely, or to grant an interim EAD violates the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1184(p)(6); the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555 & 701; the regulations governing the waiting list, 8 C.F.R.§ 214.14(d)(2); and former 8 C.F.R. § 274.13a(d). Plaintiff is entitled to relief under the APA, 5 U.S.C. §§ 555, 701–702, and 706; the Mandamus Act, 28 U.S.C. § 1361; and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## <u>JURISDICTION AND VENUE</u>

13.    This action arises under § 214(p)(6) of the INA, 8 U.S.C. § 1184(p)(6); and §§ 6, 10(a) and 10(e) of the APA, 5 U.S.C. §§ 555, 702, and 706(1)–(2)(A).

14.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

15.    This Court also has subject matter jurisdiction under 28 U.S.C. § 1361, which provides that the "district courts shall have original jurisdiction of any action in the nature of mandamus."

16.    Venue is proper in this Court under 28 U.S.C. § 1391(e)(1), which provides that a suit against federal officials acting in their official capacities may be brought in any judicial district where a plaintiff in the action resides if no real property is involved in the action. Plaintiff

resides within the Southern District of New York.

**PARTIES**

17.     Plaintiff is an individual who is eligible for U nonimmigrant status. Plaintiff filed a complete, bona fide petition for U nonimmigrant status, and application for EADs, with USCIS before January 17, 2017.

18.     Defendant Chad Wolf is the Acting Secretary of Homeland Security and is charged with implementing the immigration laws of the United States. Plaintiff sues Defendant Wolf in his official capacity.

19.     Defendant Kenneth Cuccinelli is the Acting Director of USCIS, a component agency of the Department of Homeland Security, and is charged with administering the services and benefits functions of the immigration laws of the United States. Plaintiff sues Defendant Cuccinelli in his official capacity.

20.     Defendant Tracy Renaud is the Associate Director of the Service Center Operations Directorate for USCIS, in which capacity she oversees activities at the USCIS Vermont Service Center and the Nebraska Service Center. Plaintiffs sue Defendant Renaud in her official capacity.

**U NONIMMIGRANT STATUS**

**U Status and Form I-918**

21.     U status is available to any non-U.S. citizen or national who is the victim of qualifying criminal activity; suffered substantial mental and emotional abuse as a result of that criminal activity; possesses credible and reliable information concerning the criminal activity; and receives a signed, third-party certification from a law enforcement official, prosecutor, judge, or other, similar official ("law enforcement certification") attesting to her helpfulness in the investigation or prosecution of the criminal activity. 8 U.S.C. §

1101(a)(15)(U); 8 C.F.R. § 214.14(b).

22.　　Congress created U nonimmigrant status to protect survivors of violence and to "strengthen the ability of law enforcement agencies to detect, investigate, and prosecute cases" by encouraging immigrant victims of crime to report those crimes and cooperate with law enforcement. Victims of Trafficking and Violence Protection Act of 2000, Pub. L. No. 106-386, § 1513(a)(2), 114 Stat. 1466, 1533 (2000).

23.　　An individual seeking U nonimmigrant status must complete a Form I-918 Petition for U Nonimmigrant Status and submit that form to USCIS's Vermont Service Center. The Vermont Service Center and USCIS's Nebraska Service Center have exclusive jurisdiction over, and jointly process, petitions for U nonimmigrant status.

24.　　U-status petitioners must also submit two certifications. One certification, signed by the petitioner, must describe the facts of the victimization. 8 C.F.R. § 214.14(c)(2)(iii). The petitioner must also submit the law enforcement certification, which must be signed under penalty of perjury by a law enforcement officer, prosecutor, judge, or similar official. *Id.* § 214.14(c)(2)(i); Form I-918, Supplement B, at 3, *available at* https://www.uscis.gov/i-918.

**The Regulatory Waiting List for U Status**

25.　　Congress has capped the number of primary U nonimmigrant status petitions that may be granted at ten thousand (10,000) per fiscal year.[2] 8 U.S.C. § 1184(p)(2)(A).

26.　　The number of petitioners who are eligible for U nonimmigrant status routinely exceeds that cap. During the five-year period from fiscal years 2015 through fiscal year 2019,

---

[2] Individuals who qualify for U status are "primary" (or "U-1") petitioners. Their spouses, children, and—in the case of minors—parents are entitled to derivative U status. 8 U.S.C. § 1184(p)(2)(B). The statutory cap applies only to primary petitioners. Id.

for example, Defendants received more than 280,000 petitions for U nonimmigrant status. U.S. Citizenship and Immigration Services, *Number of Form I-918, Petition for U Nonimmigrant Status, by Fiscal Year, Quarter, and Case Status 2009–2019*, https://www.uscis.gov/sites/default/files/USCIS/Resources/Reports%20and%20Studies/Immi gration%20Forms%20Data/Victims/I918u_visastatistics_fy2019_qtr2.pdf ("Case Status") (last accessed June 17, 2020).[3] Because Defendants granted more than 80% of the petitions they adjudicated over the same time period (*id.*), it is likely that more than 220,000 petitioners who submitted petitions during that 5-year period are eligible for U status. But the statutory cap means that only 50,000 petitioners could receive U status during that time.

27.     Notwithstanding the statutory cap, Defendants are required to process and review all petitions for U nonimmigrant status. Defendants' own regulations require them to place on a waiting list "[a]ll eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status." 8 C.F.R. § 214.14(d)(2).

28.     Defendants undertake a full adjudication of U-status petitions before placing petitioners on the waiting list.

29.     USCIS created the waiting list for the purposes of "assisting law enforcement," "improving customer service by allowing victims to remain in the United States," giving petitioners "an opportunity to access victims services," and "providing employment authorization to alien victims so they will have a lawful means through which to support themselves and their families." DHS, *New Classification for Victims of Criminal Activity; Eligibility for "U" Nonimmigrant Status*, 72 Fed. Reg. 179, 53033 (Sept. 17, 2007) (codified at 8 C.F.R. §§ 103, 212, 214, 248, and 274).

---

[3] A copy of the USCIS Case Status chart is annexed hereto as Exhibit A.

30.     Petitioners placed on the waiting list for U nonimmigrant status receive deferred action or parole. 8 C.F.R. § 214.14(d)(2). As a result, they are eligible for work authorization. *Id.* § 274a.12(c)(14).

## Employment Authorization

31.     Prior to February 7, 2017, Form I-918 included a question stating: "I want an Employment Authorization Document." Petitioners for U status applied for EADs by checking the "yes" box in answer to this question. *See* Bureau of Citizenship and Immigration Services, *New Classification for Victims of Criminal Activity; Eligibility for "U" Nonimmigrant Status*, 72 Fed. Reg. 53,014, 53,029 (Sept. 17, 2007).

32.     Since February 7, 2017, the only manner available to U-status petitioners to apply for an EAD while a bona fide petition is pending has been for U-status petitioners to submit Form I-765 Applications for Employment Authorization.

33.     Defendants automatically grant employment authorization to petitioners who receive U nonimmigrant status. 8 U.S.C. § 1184(p)(3)(B); 8 C.F.R. § 214.14(c)(7).

## Employment Authorization while U-status Petitions are Pending

34.     Recognizing the importance of the ability to work, Congress has made eligible for employment authorization any individual "who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U)." 8 U.S.C. § 1184(p)(6).

35.     U-status petitioners whose petitions are bona fide, but who have not yet been placed on the regulatory waiting list, are eligible for work authorization under § 1184(p)(6).

36.     In addition, until January 17, 2017, USCIS regulations required Defendants to adjudicate EAD applications within 90 days of receipt, and to issue an interim EAD upon failure

to do so. 8 C.F.R. § 274a.13(d) (2016).[4]

## DEFENDANTS' FAILURES TO ACT AND UNREASONABLE DELAYS

### Failure to Comply with Regulatory Waiting-List Requirements

37.     Under 8 C.F.R. § 214.14(d)(2), Defendants are required to place on the waiting list *all* petitioners who would be granted U status but for the statutory cap.

38.     Defendants have failed to timely adjudicate U-status petitions for placement on the waiting list.

39.     USCIS publishes a "priority date" that reflects the submission date of petitions that Defendants are currently processing for the waiting list. That date is sometimes unchanged for long periods of time.

40.     In more than four (4) years since August 2016, the priority date has advanced barely a year, to October 11, 2015. USCIS, *Processing Times*, https://egov.uscis.gov/cris/processTimesDisplayInit.do (date displays after choosing Form I-918 and either the Nebraska Service Center or the Vermont Service Center) (last visited June 17, 2020) ("Processing Times").

41.     The current processing time for U-status petitions is fifty-six months (56), almost five (5) years. USCIS, *Processing Times*.

42.     In fiscal year 2014, the processing time was 5 months.  In 2016, the processing time increased to twenty-two (22) months until finally reaching the current processing time of fifty-six (56) months. *See* USCIS, *Case Status*.

43.     Between fiscal year 2016 and fiscal year 2018, the processing time for U-status

---

[4] On November 18, 2016, the Department of Homeland Security issued final rules eliminating this requirement. 81 Fed. Reg. 82,398, 82,491 (Nov. 18, 2016). Those rules became effective January 17, 2017, and so apply only to EAD applications filed on or after that date. See id. at 82398.

petitions nearly doubled, despite a decrease in the number of new petitions filed. *See* USCIS, *National Historical Average Processing Time for All USCIS Offices*, https://egov.uscis.gov/processing-times/historic-pt; USCIS, *Case Status.*

44.     USCIS does not place all petitioners who would receive U status but for the statutory cap on the waiting list.

45.     In fiscal year 2014, more than 20,000 U-status petitioners (U-1) were on the waiting list. By fiscal year 2018, that number had declined to just 9,535. *See* USCIS, *Case Status*.

46.     Thus, over the same five-year period in which the number of U-status petitions filed annually increased by one-third, USCIS cut its annual number of waiting list adjudications by more than half. The number of pending U-status petitions consequently ballooned from just over 25,000 in fiscal year 2014 to over 125,000 in fiscal year 2018. *See id.*

47.     USCIS now places on the waiting list only those petitioners who will receive an ultimate grant of U status within 12 months. *See id.*

48.     USCIS fails to timely place petitioner on the waiting list despite that USCIS has essentially completed the administrative process for determining waitlist eligibility within months after a petition is filed. *See Solis v. Cissna*, D.S.C. No. 9:18-83, Dkt. 84, at 31 (quoting declaration of Donald Neufeld). This failure to timely process U-status petitions is contrary to 8 C.F.R. § 214.14(d)(2).

### Failure to Implement 8 U.S.C. § 1184(p)(6)

49.     Under 8 U.S.C. § 1184(p)(6), Defendants are required to adjudicate EAD applications submitted by U-status petitioners whose petitions are bona fide.

50.     Defendants have failed to implement 8 U.S.C. § 1184(p)(6).

51.     Defendants do not grant EADs to U-status petitioners who submitted pending, bona fide petitions. Instead, by the previous Associate Director of the Service Center's own admission, Defendants grant EADs solely to individuals who receive U status or who have been placed on the waiting list. *See Solis*, Dkt. 84, at 20-21 (quoting declaration of Donald Neufeld).

52.     As Neufeld has admitted, Defendants never make a threshold determination whether a U-status petition is "bona fide," and they lack any formal process for identifying "bona fide" petitions. *See Solis*, Dkt. 84, at 21 (quoting Neufeld declaration); *see also* USCIS, *William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008: Changes to T and U Nonimmigrant Status and Adjustment of Status Provisions; Revision to Adjudicator's Field Manual (AFM) Chapters 23.5 and 39 (AFM Update AD10-38)* 4.

53.     Defendants do, however, review all petitions as they come in. Indeed, they immediately run background checks on all U-status petitioners within 15 to 30 days of receiving a petition. *Solis*, Dkt. 84, at 27 (quoting Neufeld declaration).

54.     Defendants have conceded that USCIS has not articulated a special definition for the term bona fide and that the "generic definition" applies. *Solis*, Dkt. 84, at 20.

55.     The law enforcement certification required under 8 C.F.R. § 214.14(c)(2)(i), "acts as a check against fraud and abuse." Department of Homeland Security, U and T Visa Law Enforcement Resource Guide for Federal, State, Local, Tribal and Territorial Law Enforcement, Prosecutors, Judges, and Other Government Agencies, available at https://www.dhs.gov/sites/default/files/publications/U-and-T-Visa-lawEnforcementResource%20Guide_1.4.16.pdf. Defendants' failure to adjudicate Petitioner's EAD application, violates 8 U.S.C. § 1184(p)(6).

**Failure to Provide EAD Determinations or Interim EADs under Former 8 C.F.R.**
**§ 274a.13(d)**

56.     Under former 8 C.F.R. § 247a.13(d), Defendants were required, within 90 days of receiving an EAD application, to either adjudicate the EAD application, or provide an interim EAD to, all U-status petitioners who applied for EADs prior to January 17, 2017.

57.     At all times before January 17, 2017, a U-status petitioner could apply for an EAD by checking "yes" to the relevant question on Form I-918, by submitting Form I-765, or by taking both actions.

58.     Prior to January 17, 2017, Defendants neither adjudicated Petitioner's EAD for U-status within 90 days nor issued an interim EADs. Petitioner's EAD remains pending before USCIS.   See case status update annexed hereto.

59.     These failures violated former 8 C.F.R. § 274a.13(d).

**PLAINTIFF'S U-STATUS PETITION AND EAD APPLICATION**

60.     Plaintiff petitioned for U nonimmigrant status on March 21, 2016 by submitting Form I-918 and all required supporting documentation, including the law enforcement certification.

61.     Plaintiff's U-visa petition was based on repeated acts of violence and abuse by her husband against her. Law enforcement authorities have certified under penalty of perjury that Plaintiff assisted with the investigation of this criminal conduct.

62.     Plaintiff checked the "yes" box for Part 2, Question 7 of Form I-918, which states "I want an Employment Authorization Document." This constituted an application for an EAD.  Plaintiff was issued a receipt notice for her EAD application.

63.     Plaintiff resides in Bronx, New York.

64.     Because she lacks a valid EAD, Plaintiff is unable to earn a living and provide for herself and her two U.S. citizen children.  The lack of a valid EAD and resulting lack of financial means and independence has caused Plaintiff and her children to suffer financial, physical, emotional, and psychological hardship.  Plaintiff has struggled to support herself and her family because her employer will not pay her equal pay without an EAD.   Plaintiff cannot find alternate work without an EAD. She is aware of job opportunities that she has not been able to pursue because she does not have an EAD. Her employer informed her that with an EAD she would get minimum wage plus benefits such as health insurance, vacation time, and overtime pay for work on weekends or holidays. Plaintiff has been unemployed due to COVID-19 and has been unable to obtain unemployment.  As the sole provider for the two children, the family is struggling to survive.

65.     Defendants have not adjudicated Plaintiff's U-status petition for placement on the regulatory waiting list.

66.     Defendants have not made any determination that Plaintiff's U-status petition is anything other than a bona fide application.

67.     Defendants have not provided Plaintiff with an interim EAD.

68.     Defendants' inaction has harmed Plaintiff. Without employment authorization, Plaintiff is restricted in her ability to secure lawful employment and to gain the financial means necessary to support her children. Further, because of Defendants' failure to determine whether she is eligible for U status, which would entitle Plaintiff to deferred action or parole, she lives under the unjustified threat of removal from the country and separation from her children.

69.     In addition to the direct hardships inflicted on Plaintiff by the Defendants'

conduct, the failure to execute the U nonimmigrant status program in a timely and proper fashion undermines the law enforcement objectives that the statutes and regulations were intended to achieve. Nonimmigrant crime victims are not motivated to come forward and assist law enforcement authorities when the very government they are called upon to assist fails to follow through on its promised protections and benefits of U nonimmigrant status.

70.    There are no administrative remedies available for Plaintiff to exhaust while her U-status petition remains pending before USCIS.

## COUNT 1—ADMINISTRATIVE PROCEDURE ACT
### [FAILURE TO TIMELY DETERMINE PLAINTIFF'S ELIGIBILITY FOR U-STATUS WAITING LIST]

71.    Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

72.    Defendants have a nondiscretionary obligation to determine the eligibility of Plaintiff for placement on the U- status waiting list. 5 U.S.C. § 706(1); 8 C.F.R. § 214.14(d)(2).

73.    Defendants have a nondiscretionary obligation to make these eligibility determinations within a reasonable time. 5 U.S.C. §§ 555(b) & 706(1).

74.    Once Defendants determine that Plaintiff is eligible for the waiting list, Defendants have a nondiscretionary duty to place her on the waiting list and grant her deferred action or parole. 8 C.F.R.§ 214.14(d)(2).

75.    USCIS has not determined whether Plaintiff is eligible for the U-status waiting list.

76.    Defendants' failure to make a waiting-list eligibility determination for Plaintiff who would receive U nonimmigrant status but for the statutory cap violates 8 C.F.R.§ 214.14(d)(2).

77.    Defendants' practice of placing individuals on the waiting list only once it is clear that they will soon receive U status violates 8 C.F.R. § 214.14(d)(2).

78.    Defendants' failure to make waiting-list eligibility determinations within a reasonable time constitutes agency action unreasonably delayed in violation of the APA, 5 U.S.C. §§ 555(b) & 706(1).

79.    Because of USCIS's inaction and unreasonable delay, Plaintiff has suffered, and will continue to suffer, substantial and irreparable harm to her welfare and that of her family for which there is no adequate remedy at law.

80.    No other remedy exists for Plaintiff to compel Defendants to comply with 8 C.F.R. § 214.14(d)(2).

## COUNT II—ADMINISTRATIVE PROCEDURE ACT
### [FAILURE TO COMPLY WITH STATUTE MANDATING EAD ADJUDICATION]

81.    Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

82.    By enacting 8 U.S.C.§ 1184(p)(6), Congress imposed a nondiscretionary duty on USCIS to adjudicate applications for EADs from all petitioners with pending, bona fide U-status petitions.

83.    Section 1184(p)(6) imposes on USCIS an obligation to adjudicate applications for EADs before the agency makes waiting-list eligibility determinations.

84.    Defendants do not adjudicate, and never have adjudicated, EAD applications under 8 U.S.C. § 1184(p)(6).

85.    Defendants have withheld adjudication of EAD applications for pending, bona fide petitioners for U status who are not on the waiting list.

86.    Defendants' failure to adjudicate Plaintiff's application for employment

authorization while her bona fide petition for U status remain pending constitutes "agency action unlawfully withheld or unreasonably delayed" under 5 U.S.C. § 706(1), and is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" under 5 U.S.C. § 706(2)(A).

87.     Because of Defendants' unlawful withholding of adjudication of Plaintiff's application, and its failure to adjudicate the EAD application within a reasonable period of time, Plaintiff has suffered, and will continue to suffer, substantial and irreparable harm to her welfare and that of her family's for which there is no adequate remedy at law.

88.     No other remedy exists for Plaintiff to compel Defendants to comply with 8 U.S.C. § 1184(p)(6).

## COUNT III—ADMINISTRATIVE PROCEDURE ACT
### [FAILURE TO COMPLY WITH REGULATORY TIMELINE MANDATING EAD ADJUDICATION OR ISSUANCE OF INTERIM EAD]

89.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

90.     The EAD application submitted by Plaintiff was received by USCIS prior to January 17, 2017.

91.     This application for an EAD has been pending for longer than 90 days and has not been adjudicated.

92.     Defendants have failed to issue an interim EAD to Plaintiff.

93.     Defendants' inaction violates former 8 C.F.R. § 274a.13(d).

94.     Defendants' failure to comply with their own regulation is "agency action unlawfully withheld or unreasonably delayed" under 5 U.S.C. § 706(1) and constitutes agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" under 5 U.S.C. § 706(2)(A).

95.     Because of Defendants' failure to comply with its own regulatory requirements, Plaintiff has suffered, and will continue to suffer, substantial and irreparable harm to her welfare for which there is no adequate remedy at law.

96.     No other remedy exists for Plaintiff to compel Defendants to comply with former 8 C.F.R. § 214a.13(d).

## COUNT IV—MANDAMUS ACT
### [FAILURE TO PERFORM STATUTORY AND REGULATORY DUTIES TO DETERMINE ELIGIBILITY FOR U-STATUS WAITING LIST]

97.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

98.     The Mandamus Act authorizes federal district courts to compel an officer or employee of a United States agency to perform a duty owed to a plaintiff. 28 U.S.C. § 1361. Issuance of a writ of mandamus is appropriate where the following requirements are satisfied:

(1) the plaintiff has a right to have the act performed; (2) the defendant is under a clear nondiscretionary duty to perform the act requested; and (3) no other adequate remedy is available.

99.     Plaintiff satisfies all of the requirements for a writ of mandamus compelling Defendants to determine her eligibility for the waiting list.

100.     Once Plaintiff properly filed her complete and bona fide U-Status petition, she had a clear right to a determination of eligibility for the waiting list, 8 C.F.R. § 214.14(d)(2), and a clear right to that determination within a reasonable period of time. 5 U.S.C. §§ 555(b).

101.     In contravention of their own regulation, Defendants make no attempt to place petitioner who would receive U status but for the statutory cap on the waiting list.

102.     Despite the lapse of more than five (5) years, Defendants have not

adjudicated the petition filed by Plaintiff for placement on the waiting list.

103.     No other adequate remedy is available to Plaintiff. Because of Defendants'
unreasonable delay, Plaintiff is living under the threat of removal, separation from her family
and has been denied the opportunity to seek lawful employment to support herself and her
children, and will continue to suffer substantial and irreparable harm to her welfare and that of
her children for which there is no adequate remedy at law.

## COUNT V—MANDAMUS ACT
## [FAILURE TO PERFORM STATUTORY AND REGULATORY DUTIES TO ADJUDICATE EAD APPLICATION]

104.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

105.     Plaintiff also satisfies all of the requirements for a writ of mandamus
compelling Defendants to adjudicate her EAD application under 8 U.S.C.§ 1184(p)(6).

106.     Plaintiff has a right to adjudication of her EAD application while her bona fide
petition for U status is pending under 8 U.S.C. § 1184(p)(6).

107.     When Plaintiff filed her Form I-918 petition on March 21, 2016, she applied
for an EAD by checking "yes" in response to part 2, question 7, which states "I want an
employment authorization document," by properly filing a Form I-765 Application for
Employment Authorization, or by taking both actions.

108.     In enacting 8 U.S.C. § 1184(p)(6), Congress imposed a nondiscretionary duty
on USCIS to adjudicate applications for EADs from petitioners with pending, bona fide U-
status petitions.

109.     Defendants have violated their obligation under 8 U.S.C.§ 1184(p)(6) by failing
to adjudicate Petitioner's employment authorization application that was submitted with a
pending, bona fide petition for U nonimmigrant status, but has not yet been placed on the waiting

list.

110.    No other adequate remedy is available to Plaintiff. Without the adjudication of her

application for an EAD, Plaintiff has been  unable to lawfully support herself and her children. An order

from this Court is the only avenue of relief for Plaintiff with respect to her right to a timely adjudication

of her EAD application.

## COUNT VI—MANDAMUS ACT
## [FAILURE TO PERFORM STATUTORY AND REGULATORY DUTIES TO ISSUE INTERIM EADs]

111.    Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

112.    Plaintiff, who filed her EAD application before January 17, 2017, satisfies  all

of the requirements for a writ of mandamus compelling Defendants to adjudicate her EAD

application and grant her an interim EAD pursuant to former 8 C.F.R. § 274a.13(d).

113.    Former 8 C.F.R. § 274a.13(d) imposes a nondiscretionary duty on USCIS

to either adjudicate EAD applications or issue interim EADs within 90 days of receiving

an application.

114.    This nondiscretionary duty applies to EAD applications submitted by U-

status petitioners.

115.    Defendants have violated their obligation to adjudicate the EAD application of

Plaintiff within 90 days or to issue her an interim EAD. Although her EAD application has been

pending since March 21, 2016, Defendants have neither adjudicated the application nor granted

the applicant an interim EAD.

116.    No other adequate remedy is available to Plaintiff. Without the adjudication of

their application  for an  EAD  or  interim  authorization,  Plaintiffs,  unable  to  obtain  lawful

employment in the United States.  As a result, Plaintiff is unable to lawfully support herself and

her children. An order from this Court is the only avenue of relief for Plaintiff with respect to her right to the timely adjudication of her EAD application.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief:

1.     Declare that Defendants' acts and omissions complained of herein violate 5 U.S.C. §§ 555(b), 706(1), and 706(2)(A); 8 U.S.C. § 1184(p)(6); former 8 C.F.R. § 274a.13(d); and 8 C.F.R. § 214.14(d)(2).

2.     Enjoin Defendants—and each of their officers, agents, servants, employees, successors in office, and those acting in privity or concert with them—and enter an order:

    a.     Compelling Defendants to timely determine Plaintiff's eligibility for placement on the U-status waiting list pursuant to 5 U.S.C. §§ 555(b) & 706(1) and 8 C.F.R. § 214.14(d)(2);

    b.     compelling Defendants to timely adjudicate Plaintiff's employment application while her U-status petition remains pending, pursuant to 5 U.S.C. §§ 555(b) & 706(1) and 8 U.S.C. § 1184(p)(6); and

    c.     compelling Defendants to grant Plaintiff and subclass members an interim EAD pursuant to former 8 C.F.R. § 274a.13(d).

3.  Award attorneys' fees and costs of this litigation to Plaintiffs.

4.  Grant any and all further relief that the Court deems just and proper.

Dated:  July 8, 2020
       New York, New York

Respectfully submitted,

/S// PAUL B. GROTAS
Paul B. Grotas , Esq.
The Grotas Firm, P.C.
Attorney for Respondent
450 Seventh Ave, 2303
New York, New York 1012
(917) 436-4444

# EXHIBIT A

Department of Homeland Security
Citizenship and Immigration Services

THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT

Form I-797C, Notice of A

| RECEIPT NUMBER | | CASE TYPE I918 PETITION FOR U NONIMMIGRANT S |
|---|---|---|
| SAC-16-123-51368 | | |
| RECEIVED DATE | PRIORITY DATE | APPLICANT |
| March 21, 2016 | | TENEZACA, MARIA A. |
| NOTICE DATE | PAGE | |
| March 30, 2016 | 1 of 1 | |

MARIA ASUNCION TENEZACA
C/O LATHAM & WATKINS
885 THIRD AVE FL 9
NEW YORK NY 10022

Notice Type: Receipt Notice

Fee Waived

This notice is to advise you of action taken on this case. The official notice has been mailed according to the mailing preferences noted on the Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative. Any relevant documentation was mailed according to the specified mailing preference.

Receipt Notice - This notice confirms that USCIS received your application or petition ("this case") as shown above. If any of the above information is incorrect, please immediately call 802-527-4888 or notify us in writing, with your signature. This will help avoid future problems.

This notice does not grant any immigration status or benefit, nor is it evidence that this case is still pending. It only shows that the application or petition was filed on the date shown.

We will notify you by mail when we make a decision on this case or if we need something from you. If you do not receive an initial decision or update from us within our current processing time, check our website at WWW.USCIS.GOV or call 802-527-4888. Please save this notice, and any other notice we send you about this case, and please make and keep a copy of any papers you send us by any means, along with any proof of delivery to us. Please have all these papers with you if you contact us about this case.

Applications requiring biometrics - In some types of cases USCIS requires biometrics. In such cases, USCIS will send you a SEPARATE appointment notice with a specific date, time and place for you to go to a USCIS Application Support Center (ASC) for biometrics processing. You must WAIT for that separate appointment notice and take it INTO this receipt notice to your ASC appointment along with your photo identification. Acceptable kinds of photo identification are: a passport or national photo identification issued by your country, a drivers license, military photo identification, or a state-issued photo identification card. If you receive more than one ASC appointment notice, even for different cases, take them both to the first appointment.

If your address changes - If your mailing address changes while your case is pending, submit your address change in writing, with your signature, to Vermont Service Center. Otherwise, you might not receive notice of our action on this case.

Please note: If you do not have an attorney of record or representative on your case changes must be submitted to the Vermont Service Center in writing and must contain your signature.

If you have other concerns about human trafficking or have reason to file a complaint and be referred to a Federal Law Enforcement Agency (LEA), contact the Department of Justice, Civil Rights Division, Trafficking in Persons and Worker Exploitation Task Force complaint line at 1-888-428-7581.

NOTICE: Pursuant to the terms of the United States Immigration & Nationality Act (INA), the information provided on and in support of applications and petitions is submitted under penalty of perjury. USCIS and the U.S. Department of Homeland Security reserve the right to verify information before and/or after adjudication to ensure conformity with applicable laws, rules, regulations, and other authorities. Methods used for verifying information may include, but are not limited to, the review of public information and records, contact by correspondence, the internet, or telephone, and site inspections of businesses and residences. Information obtained during the course of verification will be used to determine eligibility for the benefit sought. Applicants, petitioners, and representatives of record will be provided an opportunity to address derogatory information before any formal decision is made and/or proceeding is initiated.

VAWA Customer Service Hotline: 802-527-4888

Please see the additional information on the back. You will be notified separately about any other cases you filed.
USCIS
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS   VT   05479-0001
Customer Service Telephone: (800) 375-5283



**Department of Homeland Security**
U.S. Citizenship and Immigration Services

Form I-797C, Notice of Action

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| RECEIPT NUMBER | | | |
|---|---|---|---|
| EAC-16-123-51451 | | CASE TYPE I765 APPLICATION FOR EMPLOYMENT | |
| RECEIVED DATE | PRIORITY DATE | AUTHORIZATION | |
| March 21, 2016 | | APPLICANT | |
| NOTICE DATE | PAGE | TENEZACA, MARIA | |
| March 30, 2016 | 2 of 2 | | |

(continued)
to, the review of public information and records, contact by correspondence, the internet, or telephone, and site inspections of businesses and residences. Information obtained during the course of verification will be used to determine eligibility for the benefit sought. Applicants, petitioners and representatives of record will be provided an opportunity to address derogatory information before any formal decision is made and/or proceeding is initiated.

# EXHIBIT B